IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ZHAOSHI TANG,<br><br>Plaintiff,<br><br>v.<br><br>YUMMY MAKEUP and WINGS OF ESA<br><br>Defendants. | Case No. TBD |

**COMPLAINT FOR PATENT INFRINGEMENT**

**INTRODUCTION**

Plaintiff Zhaoshi Tang ("Tang" or "Plaintiff") presents this complaint for patent infringement following the dismissal without prejudice of Defendants Yummy Makeup and Wings of Esa (collectively "Yummy Makeup et al." or "Defendants") in the *Zhaoshi Tang v. The Partnerships and Unincorporated Associations Identified on Schedule A*, (1:23-cv-04587 (N.D. Ill.)) on grounds of misjoinder (CM ECF No. 88). Yummy Makeup et al. previous Motion to Dismiss under 12(b)(6) under the assertion of failure to state of claim based on the exact evidence presented in this Complaint was denied (CM ECF No.   ).

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Yummy Makeup et al. since the defendant directly targets business activities toward consumers in the United States, including Illinois, through at least two fully interactive commercial Internet stores operating under the Online Marketplace Accounts. Defendants are reaching out to do business with Illinois residents by operating at least two commercial, interactive Defendant Internet Stores that go by the names 'Yummy Makeup' and 'Wings of Esa'. Through these stores, Illinois residents can purchase products featuring Plaintiff's patent designs. Defendants have targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products featuring Plaintiff's patented design to residents of Illinois. The Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and wrongfully caused Tang substantial injury in the State of Illinois and the United States.

3. As Defendants, through their Internet Stores Yummy Makeup and Wings of Esa, have sold infringing product generating revenue in the amounts of $314,282.99 and $373,968.57, the amount in controversy surpasses the amount required for federal jurisdiction.

## BACKGROUND

4.      This action has been filed by Plaintiff to combat the infringing activities of the defendants who had unfairly infringed, and continue to infringe, Plaintiff's patent shelf design, including the marketing, selling, and/or distributing unlicensed product that infringed upon Plaintiff's U.S. Patent No. D927,221l, entitled 'IRON FRAME' (Exhibit A).  Yummy Makeup et al. use at least two internet stores, entitled 'Yummy Makeup' and 'Wings of Esa', to sell allegedly licensed products, while actually and knowingly marketing, selling, and/or distributing infringing product. Defendants use aliases, whereby all infringing products originate from the same manufacturer. Defendants thus have logical relationship between themselves for example, 'Yummy Makeup' is Defendant Internet Store which sells the infringing product (IMG. 1), whereby 'Yummy Makeup' falls under the brand 'DB Dorvey Beauty' (IMG. 2), which is owned by Qingdao Dinghai Hengtong Import & Export Co. Ltd. (IMG. 3):



IMG. 1

3



IMG. 2



IMG. 3

In a likewise manner, Defendants Internet Store 'Wings of Esa', through the brand OC Octavia, is also owned by Qingdao Dinghai Hengtong Import and Export Co. Ltd. (IMG.s 4 and 5):



IMG. 4



IMG. 5

5. Prior to this action, Defendants Internet Stores 'Yummy Makeup' and 'Wings of Esa' were listed as defendants in Schedule A of the action *Zhaoshi Tang v. The Partnerships and Unincorporated Associations Identified on Schedule A*, (1:23-cv-04587 (N.D. Ill.). Through counsel, Defendants Internet Stores filed a Motion to Dismiss under 12(b)(6) for failure to state a claim. Defendants Internet Stores alleged dissimilarities between Defendant Internet Stores infringing products and Tang's patented design were such that a *prima facie* case of design patent infringement could not be sustained. (23-cv-04587, CM ECF No. 50). Following a hearing, Defendants' motion was denied (Id.; CM ECF No. 83).

6. Following reservation on the matter of joinder, defendants were dismissed, without prejudice, on the grounds of lack of joinder. (CM ECF No. 88). This action follows dismissal without prejudice.

## THE PARTIES

7. Plaintiff TANG is an individual based in Huazhou, China. Plaintiff is the owner of U.S. Patent No. D927221 (Exhibit A) entitled "IRON FRAME" ('221 Patent).

8. Defendant Yummy Makeup is an Online Internet Store that, on information and belief, is owned by Qingdao Dinghai Fazhipin Co., Ltd. with an address Qingdao, China.

9. Defendant Wings of Esa is an Online Internet Store that, on information and belief, is owned by Qingdao Dinghai Fazhipin Co., Ltd. With address in Qingdao, China.

## THE '221 PATENT

10. Plaintiff Tang is the lawful owner of all rights, title and interest in the '221 Patent. The '221 Patent was duly issued on August 10, 2021. Attached hereto as Exhibit A is a true and correct copy of the '221 Patent.

11. The '221 patent relates to a shelf design. IMG 6 is a reproduction of Image 1 of '221 patent.



IMG 6

12. Plaintiff has not granted a license or any other form of permission to Defendants with respect to the '221 patented design.

13. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the United States,

including within the State of Illinois and this Judicial District, through the operation of the commercial online marketplaces.

14. Yummy Makeup et al. each manufacture, market, sell, and distribute infringing products of the '221 patent that are not dissimilar from the design in the '221 patent, as shown below (IMGs 7 (Yummy Makeup) and 8(Wings of Esa)):



IMG 7



IMG 8/WINGS OF ESA

The Defendants target the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell, infringing products to consumers within the United States.

15. Defendants operate under various aliases, and they use a variety of common tactics to evade enforcement efforts. For example, Defendants will register new online marketplace accounts under new aliases once they receive notice of a lawsuit.

16. On information and belief, Defendants operate multiple credit card merchant accounts and Paypal accounts behind layers of payment gateways so that they can continue operations in spite of Plaintiff's enforcement efforts, such as take down notices.

17. On information and belief, Yummy Makeup et al. maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

18. Yummy Makeup et al., without any authorization or license from Plaintiff Tang, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the '221 Patent, and, on information and belief, continue to do so *via* the Internet Stores.

19. Yummy Makeup et al. behavior was willful.

## COUNT I
## INFRINGMENT OF UNITED STATES DESIGN PATENT
## D927221 (35 U.S.C. §271)

20. Plaintiff's hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

21. Yummy Makeup et al. offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the '221 patent.

22. Yummy et al. have infringed the '221 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful and willful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunction relief pursuant to 35 U.S.C. § 283.

23. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the '221 Patent, Plaintiff will be great and irreparably harmed.

24. Plaintiff's are entitled to recover damages adequate compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289 and willful damages. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminary, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set fort in subparagraphs (a) and (b);

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com, credit cards, banks, merchant account providers, third-party processors and other payment processing service providers, Internet search engines, such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Yummy Makeup et al., currently or in the future, to engage in the sale of goods that infringe the Patented Design; and

      b.      disable and cease displaying any advertisements used by or associated with Yummy Makeup et al. in connection with the sale of infringing goods using the Patented Design;

3) That Plaintiff be awarded such damages as it shall prove at trial against Yummy et al. that are adequate to compensate Plaintiff's for infringement of the Patented Design, and all of the profits realized by Defendant's or others acting in concert or participation with Defendants, from Defendant's unauthorized use and infringement of the Patented Design;

4) That Plaintiff be awarded from Yummy Makeup et al. as a result of Defendants' use and infringement of the Patented Design;

5) That Plaintiff be awarded reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

                                              Robert M. DeWitty
                                              1500 K Street, 2nd Floor
                                              Washington, D.C. 20005
                                              Tele: 202 571 7070
                                              Fax: 202 513 8071
                                              E: admin@dewittyip.com
                                              Attorney, Plaintiff Tang